UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FOTIN MAXWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  1:05CV179 |
| ) | |
| KELLY PARNELL and THE CITY OF ) | |
| FORT WAYNE, ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

This matter is before the Court on the Defendants' motion to strike (DE # 40) the Notice/Report to Court Regarding Status of Mediation (DE # 39) filed by Plaintiff on September 8, 2006.  The Plaintiff filed a response on September 27, 2006, and the Defendants' Reply was filed on October 5, 2006.  Having considered the matter, the motion will be DENIED.

Factual and Procedural Background

This case, brought by the Plaintiff under 42 U.S.C. § 1983, had a preliminary pretrial conference on August 22, 2005. (DE # 13.)  At that time, the Court appointed the mediator of the parties' choosing and ordered that "[t]he results of the mediation shall be filed with the court no later than 10 days before the final pretrial conference." (DE # 13.)  On September 8, 2006, the Plaintiff submitted the Notice in anticipation of the final pretrial conference set for September 18, 2006, though the conference had been vacated two weeks earlier. (DE # 36, 39.)

The Notice speaks of the status of mediation, revealing that it will not occur because "the Defendants have indicated they plan to take this case to trial, and . . . have no intention of ever offering any money to the Plaintiff for settlement of this matter." (Notice ¶ 1.)  Indeed, the

Notice seems to echo the Defendants' position first stated in its Motion for Status Conference filed August 14, 2006, indicating that a trial would be necessary. (*See* Mot. for Status Conference ¶ 3.)

The Defendants now seek to strike the Notice under Rule 12(f) of the Federal Rules of Civil Procedure, asserting that (1) the Notice is not a recognized filing under the Federal Rules of Civil Procedure; (2) detailing settlement discussions violates Rule 408 of the Federal Rules of Evidence; and (3) because the Court never ordered mediation, no explanation for its non-occurrence was necessary. (Mot. to Strike ¶¶ 2-4.)  The Court will turn to these arguments after first reviewing the legal standard on a motion to strike.

### Legal Standard

Parties may move to strike from the pleadings "any redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f) of the Federal Rules of Civil Procedure.  Because such a motion can be a vehicle for delay, it is generally not favored, is viewed as a "drastic" remedy, and is infrequently granted. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Abdulrahim v. Gene B. Glick Co., Inc.*, 612 F. Supp. 256, 260 n.1 (N.D. Ind. 1985); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1380.  Nevertheless, a motion to strike can serve to remove "unnecessary clutter from the case" and expedite the proceedings. *Heller Fin.*, 883 F.2d at 1294.  The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

### Discussion

The Defendants' first and last arguments for striking the Notice fail because they ignore

the Court's August 22, 2005, Order, which required counsel to file the results of mediation no later than ten days before the final pretrial conference.  Clearly, the Notice filed on September 8, 2006, was an attempt by the Plaintiff to comply with that Order.

Although the Defendants are correct that mediation was not expressly *mandated* in this case, it was certainly the Court's expectation that mediation would occur as referenced in the Order.  In fact, it was precisely *because* of this expectation that the process was not otherwise mandated by the Court under, for instance, Rule 16(c)(9) of the Federal Rules of Civil Procedure or Local Rule 16.6(a).  Indeed, the requirement for a mediation notice or status report at least ten days before the final pretrial conference is designed to ensure that the process has gone forward before any further Court involvement is required.  Thus, the Notice is not "unnecessary clutter" in the Court's view. *Heller Fin.*, 883 F.2d at 1294.  As a result, the Plaintiff's good faith compliance with the August 22, 2005, Order cannot form the basis for a motion to strike.

The Defendants' remaining argument invokes Rule 408 of the Federal Rules of Evidence and contends that the Plaintiff's disclosure of the Defendants' position on mediation and settlement was improper. (Defs.' Reply at 1.)  Rule 408 states in pertinent part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

Fed. R. Evid. 408.  "The primary policy reason for excluding settlement communications is that the law favors out-of-court settlements, and allowing offers of compromise to be used as admissions of liability might chill voluntary efforts at dispute resolution." *Zurich Am. Ins. Co. v Watts Indus., Inc.,* 417 F.3d 682, 689 (7th Cir. 2005).

3

As can be readily seen, the Defendants do not bring this situation within either the text or the spirit of Rule 408.  The Rule encompasses only those statements made in "compromise negotiations," a formal process that seemingly never occurred given the Defendants' preemptive declaration that no offer of settlement would be offered.

Moreover, there is no danger here that the Defendants' position could be construed as an admission of liability, so the policy reason behind Rule 408 is also not implicated. *Id*.  Although the Defendants suggest that the filing of the Notice was an attempt to prejudice them, they fail to explain *how*, thus failing to create the grounds necessary for imposing the "drastic remedy" of striking the Notice. *Heller Fin.*, 883 F.2d at 1294.  Of course, to the extent that the Defendants believe they would somehow be prejudiced by the presentation of this information to a jury, the Defendants can file a motion in limine under Rule 104(a) of the Federal Rules of Evidence.

## Conclusion

For the reasons provided, the Defendants' motion to strike (DE # 40) is DENIED.

Enter for October 16, 2006.

> S/Roger B. Cosbey
> Roger B. Cosbey,
> United States Magistrate Judge